## CIRCUIT COURT OF FAIRFAX COUNTY

Community Bank and
Trust Co. of Virginia

v.

Edward A. Bohannon

March 15, 1988

Case No. (Law) 80064

By JUDGE LEWIS HALL GRIFFITH

This matter is before the Court on plaintiff's Demurrer to Defendant's Amended Counterclaim. In the Amended Counterclaim, defendant alleges constructive fraud, breach of contract, and negligent misrepresentation. The negligent misrepresentation count so resembles the claim of constructive fraud that the Court will treat Counts I and III as a single claim of constructive fraud.

Constructive fraud is the innocent misrepresentation of a material fact with the intent that a person will rely on it, which he does and is thereby damaged. The Amended Counterclaim alleges in Paragraph 3 that "at no time did [the bank's officer] state that such funding was tentative." Assuming for the purposes of the demurrer that the pleadings are true, defendant claims he was told the zero coupon bond would be forthcoming and was not aware that the arrangements were tentative at best. If proven, this type of innocent or mistaken misrepresentation is material and would be grounds for a claim of constructive fraud.

In Paragraph 6, defendant alleges that the six month note was "not an integrated contract representing the full and final agreement of the parties but was a partial integration." Such a claim is not barred by the parol

evidence rule so long as the parol evidence does not vary or contradict the terms of the writing, but rather presents additional facts necessary to establish the entire agreement existing between the parties. In both *J. E. Robert & Co. v. J. Robert Co., Inc., of Virginia*, 231 Va. 338 (1986), and *Shevel's, Inc. v. Southeastern Assoc.*, 228 Va. 175 (1984), the Court said that the party claiming partial integration should be given an opportunity to prove it and not be summarily foreclosed. This Court agrees and therefore overrules the Demurrer.